Smith v. State.

SMITH v. STATE.

(*Jackson.* May 27, 1899.)

JURY. *Incompetent juror.*

A juror is not competent to serve in the Criminal Court of a county if he has within two years served as a juror in the Circuit Court of that county.

Code construed: §§ 5793, 5799, 5800, 5821 (S.); §§ 4756, 4763, 4764, 4785 (M. & V.); §§ 3981, 3988, 3989, 4010 (T. & S.).

Case cited and approved: State v. Goodwin, 13 Lea, 268.

---

FROM MADISON.

---

Appeal in error from Criminal Court of Madison County. JOHN M. TAYLOR, Judge.

J. M. TROUTT for Smith.

Attorney-general PICKLE for State.

WILKES, J. Defendant is convicted of receiving stolen goods, and sentenced to six months' confinement in the county jail, and has appealed and assigned numerous errors. Only one of these need be mentioned.

After the defendant had exhausted all of his challenges, E. S. Harris was tendered to him as a

18 P—46

competent juror. On his examination on his *voir dire*, Mr. Harris stated that he had served on the regular jury in the Circuit Court of Madison County, as one of that body, within twelve months next before the time he was offered on this trial. Defendant challenged him for this cause. The Court disallowed the challenge, and Mr. Harris served upon the jury. Defendant excepted to the ruling of the Court, and assigns it as error. · This assignment is well made. Under the statute (Shannon, § 5793) it is provided that the County Court shall appoint jurors for the next term of the Circuit Court, but no person shall be summoned or serve on the venire who has served on a venire for a period of two years preceding. By § 5799 it is provided that no Court shall appoint any person to serve as a juror more than one· time in each period of two years, either on the original panel or to fill a vacancy therein. By § 5800 it is provided, that, if any juror is appointed in violation of these provisions, the Court shall discharge him and appoint a juror in his stead free from exception, and, by § 5821, this previous service· is made ground for challenge. If, therefore, this juror had been offered in a cause pending in the Circuit Court, in· which he had previously served, he would have clearly been incompetent. Does it alter the case that he is offered in the Criminal· Court of the same county instead of the Circuit Court? It was held in *State* v. *Goodwin*, 13 Lea, 268, that a· juror who had served

upon a panel in the Circuit Court of Shelby County could not be compelled to serve another term, within twelve months, in the Criminal Court of the city and county. In like manner, and on the same principle, such prior service is good ground for peremptory challenge, and the trial Judge was in error in selecting the juror and requiring him to serve over defendant's exception. See, in accord, *Corvossin* v. *Raymond*, 23 Col., 113.

The judgment is reversed, and the cause remanded for a new trial.